IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BONNIE LARSON,

                         Plaintiff,

        v.

GOLDEN RULE INSURANCE COMPANY,

                         Defendant.

ORDER

11-cv-138-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 14, 2012, I denied defendant Golden Rule Insurance Company's motion for summary judgment and granted plaintiff Bonnie Larson's motion for partial summary judgment in this action arising out of a dispute about insurance coverage for plaintiff's melanoma treatments. I concluded that plaintiff's insurance policy did not cover her use of the drug Avastin as part of her chemotherapy but that the policy covers the non-Avastin, non-investigational components of her treatment. I did not enter judgment in favor of plaintiff because the amount of damages was still in dispute.

Now the parties have filed a stipulation, in which they say that they have agreed to settle this matter "conditioned upon the Court's vacating the [March 14, 2012] Opinion and Order." Dkt. #58. The parties filed a proposed order stating that the court's summary judgment opinion has been "withdrawn and vacated in all respects."

I will deny the parties' request to vacate the March 14 opinion and order because they

1

do not explain why it is necessary or appropriate to withdraw the summary judgment opinion. There has been no final judgment entered in this case and thus, there is no judgment to "vacate." Riley v. Kennedy, 553 U.S. 406, 419 (2008) (Supreme Court has "long held that an order resolving liability without addressing a plaintiff's request for relief is not final"). Because the summary judgment order did not grant any relief to plaintiff, the parties are free to enter into any settlement agreement they wish.

If defendant is concerned about issue preclusion, this would not be likely to apply in any event because the summary judgment order will not be incorporated into the judgment if the parties stipulate to a dismissal of the case. "Normally, when a case is resolved by settlement or stipulation, courts will find that the 'valid final judgment' requirement of issue preclusion has not been satisfied." Talmage v. Harris, 486 F.3d 968, 974 (7th Cir. 2007); see also Wisconsin Electric Power Co. v. Northern Assurance Co. of America, 07-C-299-S, 2007 WL 5614077, *2 (W.D. Wis. Dec. 17, 2007) ("Ordinarily, judgments based on settlement are intended to preclude litigation on the particular claims at issue, but are not intended to preclude future litigation on the issues presented.").

To the extent defendant is concerned about the precedential effect of the opinion, that concern is unfounded. A district court opinion is not binding precedent on any judge, even the judge who issued the opinion. Gould v. Bowyer, 11 F.3d 82, 84 (7th Cir. 1993). The "only significance [of the opinion] is as information." Id. Thus, once an opinion is issued, any "damage" has already been done. Other judges may adopt or reject the reasoning in the opinion, regardless whether the opinion was "vacated."

2

Finally, it is not my practice to withdraw opinions on request of counsel.  Not only is it impractical to do so in an electronic world, but it suggests that the opinion is the property of the parties, which it is not.  Because the parties have failed to explain why the summary judgment opinion should be withdrawn, I will not enter their stipulation at this time.  I anticipate that the parties will either file an new stipulated motion for dismissal shortly or file a brief explaining to the court why their request for withdrawal of the opinion should be treated differently from the same request from other parties.


ORDER

IT IS ORDERED that approval of the stipulation, dkt. #58, filed by plaintiff Bonnie Larson and defendant Golden Rule Insurance Company is DENIED.

Entered this 9th day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge